IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SynMax, Inc., <br><br> Plaintiff <br><br> v. <br><br> Kayrros SAS, <br><br> Defendant. | § § § § § § § § § § § | Case No.  2:24-cv-0494 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff SynMax, Inc. ("SynMax" or "Plaintiff") by and through its attorneys, alleges against Defendant Kayrros SAS ("Kayrros" or "Defendant") as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of noninfringement of a United States Patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

2. SynMax seeks a declaratory judgment that none of the claims of U.S. Patent No. 10,534,961 (the "'961 Patent" or the "Asserted Patent") are infringed by SynMax's Hyperion product (the "Accused Product"). A copy of the Asserted Patent is attached as Exhibit 1.

3. Kayrros has accused SynMax and the Accused Product of infringing the Asserted Patent, thereby creating an immediate, real, and substantial justiciable controversy between SynMax and Kayrros. Therefore, without waiver of any rights, SynMax brings this declaratory judgment action seeking a declaration that it and the Accused Product do not infringe the Asserted Patent.

## THE PARTIES

4. Plaintiff SynMax is a Texas corporation with a principal place of business at 777 N. Eldridge Parkway, Suite 890 Houston, Texas 77079.

5. Upon information and belief, Kayrros is a French company with its principal place of business in France.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; 28 U.S.C. §§ 1331 and 1338; and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

7. Kayross is subject to this Court's personal jurisdiction under the principles of due process and Federal Rule of Civil Procedure 4(k)(2) because SynMax's claims arise under federal law, service was made or will be made on Kayross, and, on information and belief, Kayross is not subject to jurisdiction in any state's courts of general jurisdiction. Exercising jurisdiction over Kayross is also consistent with the United States Constitution and laws. Kayross has availed itself of the laws and commercial markets of the United States by marketing, offering to sell, and selling products in the United States.

8. Alternatively, Kayross purposefully directs its activities at issue to this District and the state of Texas by bringing products into and/or marketing, offering or sale, and selling products in this District and the state of Texas. Kayross operates in the U.S. individually and through its control of regional offices throughout the U.S., including a Texas office with a principal place of business at 609 Main Street, Houston, Texas 77002. On information and belief, Kayross is also engaged in, or has engaged in, patent licensing negotiations and discussions with U.S. companies, including companies with offices in Texas. Exercising jurisdiction over Kayross is otherwise reasonable comports with fair-play and justice.

9.      Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because Kayross is not resident in the United States.

## BACKGROUND

10.     Plaintiff SynMax is one of the leading satellite data analytics companies in the world. SynMax specializes in, among other things, the use of commercial satellite images to find and monitor oil and gas assets and provide maritime intelligence data. For years, SynMax and its engineers have continuously pioneered, developed, and innovated technology for multi-functional geospatial intelligence tools.

11.     Utilizing artificial intelligence and satellite imagery, SynMax has develop several innovative products and software solutions, including Hyperion – an oil and gas intelligence platform, which leverages satellite imagery to monitor rigs, frac crews, well completions, and provides the industry's most accurate oil and gas forecast.

12.     On January 2, 2024, Kayrros, through counsel, sent a letter to SynMax alleging "that SynMax's Hyperion product, and any similar type of product or solution, infringes the '961 Patent."  The letter makes an explicit and direct charge of infringement.

13.     The January 2 letter improperly relied on a podcast discussion as support for Kayrros's allegations of infringement. Specifically, the claim chart attached to that letter does not compare claim 1 of the Asserted Patent to the functional features of the Accused Product. Instead, Kayrros merely recited the language of claim 1 and referenced oral statements made on YouTube by SynMax personnel. Similarly, the letter merely referred to marketing materials and third-party publications in an attempt to stretch the Asserted Patent onto the Accused Product. Kayrros's communication failed to provide an explanation for its charge of alleged infringement.

14.     SynMax denies that any of its activities or the Accused Product infringe any claim of the Asserted Patent purportedly owned by Kayrros.

15. The problem identified by the Asserted Patent is that "official databases containing the reports of drilling and fracking activity are lagged." '961 patent at 1:40-42.

16. The main purported point of novelty for the Asserted Patent is that the use of "images to detect drilling or fracking activity" may "significantly lower lag." *Id.* at 1:46-49.

17. The claims of the Asserted Patent require, among other things, "obtaining at least one time series of top view images of the specified well location" and "processing the time series of top view images to detect at least one top view image," wherein the processing further includes obtaining "at least one second image focused on the pad," "providing a set of third top view images … having a first label representative of pad construction and … a second label not representative of pad construction," and "using a machine learning algorithm" to classify "second images between the first class and the second class."

18. The Accused Product does not "obtain" a "time series of top view images," does not "process" the time series of images to "detect at least one top view image," does not "obtain" a "second image focused on the well pad," and does not "provide a set of [focused] third top view images" having a binary classification prior to applying "a machine learning algorithm" for predicting "pad construction" activity.

19. For these and many other reasons, SynMax's Hyperion product does not infringe and has not infringed, either directly, indirectly, or under the doctrine of equivalents, any claim of the Asserted Patent. In view of Kayrros's allegations, a substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

**FIRST CAUSE OF ACTION**

(Declaratory Judgment of Non-Infringement of the '961 Patent)

20. Kayrros incorporates herein by reference and re-alleges all preceding paragraphs

4

as though fully set forth herein.

21. Kayrros has alleged and continues to assert that SynMax and its Accused Products and services infringe the '961 Patent.

22. Representative claim 1 recites:

Claim 1. A method for detecting at least one of pad construction-drilling, or hydraulic fracturing of at least one hydrocarbon well, comprising:

selecting at least one specified well location,

obtaining at least one time series of top view images of the specified well location, in which each top view image is associated with a date corresponding to a day of acquisition of the top view image,

processing the time series of top view images to detect at least one top view image showing at least one of an apparition of a well pad, drilling activity, or showing fracturing activity,

exporting the date corresponding to the day of acquisition of the top view image showing the at least one of the apparition of the well pad, the drilling activity, or the fracturing activity, and

providing, based on the date having been exported, information of at least one of pad construction date, drilling starting date, fracturing starting date, drilling end date, fracturing end date, or a full production forecast for the specified well location,

wherein the top view images are optical images,

wherein the processing comprises

focusing the at least one top view image showing the apparition of the well pad on the well pad having been detected, to obtain at least one second image focused on the well pad

providing a set of third top view images, which are focused on at least one other location of another well pad and which comprise third top view images being classified in a first class having a first label representative of pad construction and third top view images being classified in a second class having a second label not representative of pad construction, and

using a machine learning algorithm, for classifying the second images between the first class and the second class, based on at least the third top view images being classified, to calculate for each second image an activity index of the second image, which is a real number not lower than zero and not higher than one and which represents a predicted probability $p_i$ that the second image belongs

5

      to the first class, and

      wherein the activity index is associated with the information being provided.

23. Kayrros's infringement allegations are premised on public disclosures, such as marketing materials and oral statements, which Kayrros alleges demonstrate the operation steps of the Accused Product.

24. SynMax does not infringe any claim of the '961 Patent, at least because, by way of non-limiting example, the Accused Product does not perform each step of any method claim of the '961 Patent. Similarly, SynMax does not infringe at least because SynMax does not make, sell, offer for sale, import, or use every element of any apparatus claim of the '961 Patent, each of which essentially mirror a corresponding method claim of the '961 Patent.

25. For example, a "specified well location" is not selected by the Accused Product as required by elements of representative claim 1.

26. As another example, the Accused Product does not obtain "at least one time series of top view images of the specified well location" as required by elements of representative claim 1.

27. As yet another example, the Accused Product does not process "the time series of top images" according to the processing step following the wherein clause "to detect at least one" image having a well pad, drilling activity, or fracturing activity as required by elements of representative claim 1.

28. As yet another example, a "second image focused on the well pad" is not obtained by the Accused product and a "set of third top view images" having binary classifications related to pad construction is not provided to the Accused Product prior to "using a machine learning algorithm" as required by elements of representative claim 1.

29. SynMax's activities, the Accused Product, and services have not and do not

directly infringe, do not infringe by inducement, and do not contributorily infringe any enforceable claims of the '961 Patent.

30. SynMax's activities, the Accused Product, and services have not and do not infringe, willfully or otherwise, any enforceable claims of the '961 Patent.

31. SynMax's activities, the Accused Product, and services have not and do not infringe literally or under the doctrine of equivalents, any enforceable claims of the '961 Patent.

32. In view of the foregoing, SynMax seeks and is entitled to declaratory judgment that the use, sale, and offer for sale of the Accused Product related to an oil and gas intelligence platform that leverages satellite imagery to provide accurate oil and gas forecasts does not infringe any claim of the '961 Patent and granting SynMax all other declaratory relief to which it is entitled. A judicial determination of the respective rights of the parties with respect to noninfringement is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding alleged infringement '961 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SynMax respectfully prays for relief against Defendant Kayrros as follows:

1. For a declaratory judgment that:

A. Plaintiff has not and does not infringe, willfully or otherwise, any enforceable claim of the Asserted Patent; and

B. Defendant, and those acting in concert with it or acting with knowledge of the judgment herein, are without right or authority to threaten or maintain suit against Plaintiff, or users of Plaintiff's products or services, for alleged infringement of the Asserted Patent.

2. Enjoining Defendant, its officers, agents, servants, employees, and all persons

acting in concert or participation with Defendant from initiating infringement litigation against, and from threatening, Plaintiff or purchasers or users of Plaintiff's products or services with infringement litigation or charging any of them verbally or in writing with infringement of the Asserted Patent, or representing to any of them that infringement has occurred, because of any activities of Plaintiff;

3. Determining that this is an exceptional case under 35 U.S.C. § 285;

4. For Plaintiff's costs and reasonable attorneys' fees incurred herein; and

5. For such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated:  July 5, 2024                                        Respectfully submitted,

                                                            LATHROP GPM LLP


                                                            By:  /s/ Alex Shtraym
                                                                Robert Lord, SBN #00791136
                                                                Alex Shtraym, SBN #24124605
                                                                2101 Cedar Springs Road, Suite 1400
                                                                Dallas, TX 75201-2134
                                                                Tel:  (469) 983-6100
                                                                Fax:  (469) 983-6101
                                                                Robert.Lord@LathropGPM.com
                                                                Alex.Shtraym@LathropGPM.com

                                                            *ATTORNEYS FOR PLAINTIFF
                                                            SYNMAX, INC.*